MICHAEL ROELLER v. ALICE A. HALL.[1]

Oct. 15, 1895.

Nos. 9791—(148).

**Authority of Agent—Verdict Sustained.**

Evidence considered, and *held* to have been sufficient to support the verdict.

**Assignments of Error.**

Certain unimportant specifications of error considered and disposed of.

Action in justice court to recover for work and labor performed and for materials furnished for defendant at her instance and request. From a judgment in favor of defendant, plaintiff appealed to the district court for Hennepin county. At the trial in the district court. plaintiff introduced, in addition to other evidence, certain account books, which, he testified, were kept by himself and contained true and correct entries, made at the time, of the reasonable charges made to defendant for the items in suit. The jury rendered a verdict in favor of plaintiff for $101.25, and from a judgment entered thereon, defendant appealed. Affirmed.

The first assignment of error referred to in the opinion was as follows: "That the court erred in admitting the books of plaintiff in evidence, as no foundation had been laid for their reception, and not afterwards, no contract was shown to exist between the plaintiff and defendant, no pleading of any ratification of any contract made with the assumed agent of defendant."

*C. F. Baxter*, for appellant.

*Adams & Southworth*, for respondent.

[1] Reported in 64 N. W. 559.

v.62 m.—16

COLLINS, J.   By counsel's sixth specification of error, the sufficiency of the evidence to support the allegations of the complaint and the verdict is raised.   There was evidence tending to show that, during defendant's absence in Europe, the witness Bennett was a general agent for the transaction of all her business, and that he authorized and directed plaintiff to furnish the materials and to perform the work for the reasonable value of which the latter attempted to recover herein.   On the evidence, it was manifestly a question for the jury to determine whether or not Bennett was such general agent and directed plaintiff to paint and repair the carriages, and on this the finding, included in the general verdict, was against defendant.   What has been said disposes of the first assignment,—that it was error to admit the account books in evidence, because no contract with or in behalf of defendant had been shown.

Under the fifth assignment, it is argued that the trial court erred when refusing to strike out the testimony of the witness Adams as to what Bennett stated about his being an agent for defendant when plaintiff's bill was presented.   The motion to strike out was not confined to what had been said about the agency, but also as to what had been done and said about the bill.   It was too broad, and the court, for that reason, if for no other, ruled correctly.   It may also be said that the jury were twice instructed that they could not find Bennett to be defendant's agent upon any statements he had made.

We do not find any rulings to review upon pages 6 or 17 or 42, mentioned in the second and third specifications of error; and certainly the testimony referred to in the fourth specification was not hurtful to defendant or helpful to plaintiff.   It was of no consequence either way.   The case was fully and carefully submitted to the jury by the trial court, and the verdict must stand, even if it be our opinion that, on the evidence, it should have been for defendant.

Judgment affirmed.