GEORGE W. MATHEWS v. W. E. HERRON, *et al.*, Appellants.

**Former Adjudication: REPLEVIN:** *Landlord and tenant.* Judgment in replevin for plaintiff for the recovery of certain hotel furniture, claimed by him as head of a family, is not a bar to an action for the value of the use of similar furniture in the hotel, as to which defendant had wrongfully deprived plaintiff of the use.

**Landlord and Tenant: INSTRUCTIONS.** An instruction in an action by a tenant for eviction from a leased hotel before the expiration of his term, that the measure of damages is the difference between the agreed rent and the actual value of the premises, is not erroneous as not based on sufficient evidence, where it is shown that during the period in question the hotel was doing a good business which made its actual rental-value greater than the agreed rent.

SAME. An instruction denying the right of a tenant who had been ousted from the leased premises before the expiration of his term, to recover the value of furniture put in by him, under the terms of the lease, to replace furniture which had worn out, is not inconsistent with another instruction that he would be entitled to recover for the use of such furniture for the period during which he was deprived thereof.

**Books of Account: OBJECTIONS TO:** *Appeal.* Where the objection to admission in evidence of books of account of an hotel keeper, to prove payment of certain cash items contained therein, is on the ground merely that proper preliminary proof was not made, the objection that cash items in books of account of one not a broker or banker cannot be thus proven, cannot be raised on appeal.

ON RE-HEARING.—SATURDAY, APRIL 10, 1897.

SAME Objection to an offer of an account book, and especially of certain pages thereof: "To which offer the defendants object as incompetent, immaterial, as to each and every item in said testimony, and to each and every item on the book, and on the pages referred to as incompetent and immaterial. The proper foundation has not been laid as for the introduction of the testimony offered,"—is merely an objection for want of proper foundation, and does not raise the point that certain items of cash payments therein shown were not admissible to show payments of notes involved.

SAME. An objection to the admission in evidence of certain books of account as incompetent and immaterial, "as to each and every

7   item" because the proper foundation has not been laid, is properly
    overruled where the proper foundation has been laid, and some of
    the items are competent.

**Assignments of Error:** ARGUMENT OF. Assignments of error not
1   argued will not be reviewed.

LADD, J., took no part in this case.

*Appeal from Plymouth District Court.*—HON. GEORGE
W. WAKEFIELD, Judge.

TUESDAY, MAY 19, 1896.

PLAINTIFF claims that on April 28, 1890, he was
in possession of certain real estate in the town of
Kingsley, Iowa, and the building situated thereon, and
the furniture therein, under a lease to him from one
Craig, of date October 5, 1886, and under a contract
for the sale of the property, executed to Annie
Mathews, plaintiff's wife, by the defendants; that on
April 28, 1890, and when plaintiff had not failed in any
respect to perform his part of said contract, said
defendants forcibly and unlawfully ejected him from
the premises, and converted to their own use all of
plaintiff's personal property. In the first count of the
petition ninety dollars per month is claimed as the
rental value of the use of said premises during the
time the defendants occupied the same, and three
dollars per day on account of time lost by plaintiff
before he could find other employment. In the second
count of the petition plaintiff claims one thousand
dollars on account of the conversion to their use by
defendants of the furniture in the hotel on said land,
and in the third count one thousand five hundred
dollars is claimed as the difference in value of the
hotel and furniture on April 28, 1890, and upon the
date of the execution of the contract to Annie
Mathews. Exemplary damages are also claimed. The
defendants claim that plaintiff and his wife requested

them to purchase of Craig the real and personal property in controversy, and to procure from him an assignment of the lease executed by Craig to Mathews, so that Annie Mathews might purchase the property. The plaintiff released to defendant all his interest in said property, and they conveyed the same to Annie Mathews upon certain terms and conditions, and thereafter plaintiff knowingly permitted defendants to deal with her as the absolute owner of the property. They therefore claim that plaintiff is estopped from now claiming any interest therein. Defendants also claim that, on April 28, 1890, they made an oral agreement with Annie Mathews, whereby the contract of sale was canceled, and possession of the property delivered to defendants. They plead that all of the causes of action relied upon by the plaintiff have been adjudicated in a former action. The cause was tried to a jury, and a general verdict returned for plaintiff for seven hundred and sixty-three dollars and four cents. The jury specially found for plaintiff in the sum of three hundred and twelve dollars and four cents on the first count of the petition, and the sum of one dollar as exemplary damages. On the third count of the petition they found for plaintiff in the sum of four hundred and fifty dollars. Whereupon, after being further instructed, they retired and again returned with the same general verdict, and special findings for plaintiff as follows: On the first count seven hundred and sixty-one dollars and four cents, on the second count one dollar, and on the third count one dollar. Judgment was entered upon the verdict, from which this appeal is taken.—*Affirmed.*

*Argo, McDuffie & Reichmann* for appellants.

*Struble Bros. & Hart* and *J. U. Sammis* for appellee.

KINNE, J.—I. Some of the assignments of error are merely stated in appellants'. brief,—not argued. These will not, therefore, be considered. It is said the court erred, in the sixth division of its charge, in submitting to the jury the matter of the difference between the amount of rent agreed to be paid by plaintiff, under his lease from Craig, from April 28, 1890, to November 1, 1891, and the actual rental value of the property, because there was no evidence touching that matter. Without entering into a discussion of the evidence as to this matter, we may say that, although it was not as definite in this particular as it should have been, we think it was sufficient to warrant the submission of the question to the jury. It clearly showed the rental value at the time defendants took possession of the premises, and the form of the question may be construed to call for such value during the period from April 28, 1890, to November 1, 1891, though not so expressed in terms. Besides, it appears, from letters of the defendants in evidence, that the hotel was well filled with guests, and, as the letters say, it was "having a big run" during a portion, at least, of the period mentioned. It is also shown that it had been doing about the same business for two years prior to April 30, 1890. Under such circumstances it is fair to presume that, in the absence of a showing to the contrary, the rental value after April 28, 1890, would not be less than it was shown to be at that date, if we treat the evidence as limited to that date. Furthermore, defendants introduced evidence of value of such use of the property, and the witness Higgens testified to having paid seventy-five dollars per month therefor for some time after June, 1890. Clearly, there was evidence to justify the giving of the instruction.

II. Error is also assigned upon the giving of the sixth paragraph of the court's charge, wherein he directed the jury to find the reasonable value of the use of said hotel and furniture from April 28, 1890, to November 1, 1891. It is urged that plaintiff's rights as to said furniture, had already been adjudicated, and he had been paid for whatever interest he had in said furniture, and it is claimed that paragraph 7 of the court's charge, is in conflict with paragraph 6. Construing these instructions together, there is no conflict, when the facts to which they are applicable, are considered. The second count of the petition charged the conversion of certain furniture by defendants, and sought to recover its value. As to that, the court instructed that there could be no recovery. Under paragraph 6, recovery was permitted for the value of the use of the hotel and furniture. Defendants plead that the furniture put into the hotel, by Mathews, after the execution of the lease with Craig, was no more than an equivalent for articles of furniture in the house when the lease was made, and which were thereafter worn out or destroyed. By the terms of the lease, Mathews agreed to keep and return the original furniture in as good repair as the same was at the time the lease was executed, or make an equivalent therefor. It therefore appears, that this furniture is to be treated as a substitute for other furniture which had become worn out or destroyed. In legal effect, then, it was the same as the old furniture, subject to the rights of the parties under the lease, which gave the plaintiff the right to its use. If, then, the defendants deprived plaintiff of such use, they were liable. In the replevin case, in which it is claimed plaintiff's rights to the furniture were adjudicated, certain furniture was claimed by him as the head of a family. That case did not determine

the right of possession to, or use of other property of the same class in the hotel. Instruction 6 permits recovery for use of furniture, while instruction 7 denies recovery for the value of certain furniture. Plaintiff, as we have seen, was, under the lease, entitled to the use of the furniture, and that in no wise conflicts with paragraph 6 of the charge.

III. It is said the court erred in admitting in evidence certain pages of plaintiff's book of accounts. The argument is that the book was offered and admitted for the purpose of proving the payment of certain notes, and claim is made that cash items in a book account of one not a broker or banker cannot be thus proven. By turning to the record we discover that the real objection made to this book was that proper preliminary proof had not been made to permit its admission. The objection now made, as we read the record, was not then made, nor does it appear to have been called to the attention of the trial court. We cannot, therefore, consider it.

IV. Claim is made that the verdict is contrary to the evidence. There is much conflict in the evidence, but we cannot say that it did not warrant the finding of the jury. Upon the whole record we discover no error, and the judgment below is AFFIRMED.

SUPPLEMENTAL OPINION ON RE-HEARING.

SATURDAY, APRIL 10, 1897.

PER CURIAM.—We were induced to grant a re-hearing in this case because of a claim that in the foregoing opinion we had misapprehended the record, in declining to consider an assignment of error based on the admission of certain books of account in evidence, as shown by the third division of the opinion. In arguing the assignment on the

former submission, as well as now, the objection urged
to the books of account was that they were allowed
in evidence to show the payment of the notes involved
in the suit, by cash payments therein shown, which
could not be done by books of account. It will be
seen, by a reference to the former opinion, that we
then thought the objection to the books as evidence
went only to the foundation laid for their introduction,
so that the objections urged in argument could not be
considered. The doubts created by the petition for
re-hearing led us to open that question for further con-
sideration, and to give it more particular notice. We
are still of our former opinion, as to the import of the
objection, taken as a whole, with perhaps the modifi-
cation that we should determine whether the reference
to items is sufficiently definite to warrant us in con-
sidering the particular question urged in argument.
The offer was of the book, and especially certain pages
thereof. The objection was as follows: "To which
offer the defendants object as incompetent, immate-
rial, as to each and every item in said testimony, and
to each and every item on the book and on the pages
referred to as incompetent and immaterial. The
proper  foundation  has  not  been  laid  for  the
introduction  of  the  testimony  offered." It  will
be  seen  that  the  objection  is  just  as  appli-
cable  to  any  other  as  to  cash  items. The  court
could not know from the objection that it meant
any particular item, or any particular class of items.
Had it sustained the objection, it would have excluded
the book, and the last words of the objection indicate
that such was the purpose. The objection states no
more to us than that the items were objected to as
incompetent  and  immaterial  because  no  proper
foundation was laid for their admission. There is no
claim made now that the proper foundation was not laid
for the book, if the items were proper matters to be

proven in that way. Some items in the book in question were proper for such proof. In such a case, if the purpose is merely to exclude particular items, the book may be properly admitted, and the objection should specify the items particularly, or by classification. When such books are offered, with a proper showing, they stand, in an important sense, as a witness or a deposition offered. If competent to give evidence of any fact, the objection should be to the offer of the objectionable evidence and not to the witness. When the objection was made to include each and every item, if sustained it would have excluded proper evidence, and that would have been error. It was not the duty of the court to sift out so as to save a ruling from error, but the objector should so present his objection that a favorable ruling would be free from error. With the proper foundation laid (and we think it was), if the book contained any items competent to be shown by it (and we think it did), then it was properly admitted, subject to objections to items, if any, that could not be so proven. No such objections were made in this case, and there was no error in the ruling. We adhere to our former conclusion, and the judgment will stand AFFIRMED.

LADD, J., took no part in this case.