H. J. LEDWARD & COMPANY V. GEORGE W. KUDER, Appellant.

103  739
137  144

MOTION TO STRIKE: *Sufficiency*. After a witness had been examined and cross-examined touching all the matters in controversy, and had given much competent testimony, defendant moved "to strike out the testimony in relation to this transaction, for the reason that same is not competent." *Held*, that the motion was too indefinite, as not advising the court what particular transaction was referred to.

*Appeal from Louisa District Court.*—HON. BEN McCOY, Judge.

FRIDAY, OCTOBER 22, 1897.

*Gray & Tucker* for appellant.

*C. A. C v penter* for appellee.

KINNE, C. J.—I. This action is brought to recover a balance claimed to be due the plaintiff from the defendant on account of certain corn which defendant shipped the plaintiff, and which plaintiff stored and sold on commission for the defendant. The defendant, in substance, denies the allegations of the petition, and denies any indebtedness to the plaintiff. A jury was waived, and the cause tried to the court. Judgment was entered for plaintiff, and the defendant appeals.

II. While several assignments of error are made, but two are argued. After the witness J. H. Ledward had been examined and cross-examined at considerable length touching all of the matters in controversy, the defendant's counsel moved the court "to strike out the testimony in relation to this transaction, for the reason that the same is incompetent." The court took the motion under advisement, and, when deciding the case, overruled it. The correctness of this ruling is challenged by appellant. We think the ruling was proper. The court was not advised by the form of the motion, and in view

of the extended examination of the witness which preceded the motion, as to what particular transaction was sought to be stricken. If it was the object of the mover to strike out all of the testimony of the witness, the motion was properly overruled, as much of his evidence was competent. If it was the thought of counsel to strike out certain parts of the evidence, as to which the witness showed he had no personal knowledge, then the motion should have pointed out with some certainty the portions of the evidence desired to be stricken. This the motion did not do.

III. It is said that the plaintiff's claim is not established by any evidence. This case was tried to the court, and its finding ana judgment stand as the verdict of a jury, and we cannot disturb it if the evidence supports the judgment. That there was sufficient evidence to support the finding and judgment we have no doubt.— AFFIRMED.