JOSEPH BOYLAN v. H. G. McMILLAN, Appellant.

**Evidence:** SUFFICIENCY OF OBJECTION : OFFER TO COMPROMISE.  Where
1  part of the matter contained in a writing is admissible in evidence an objection to the instrument as a whole is not good, but the objector should specify the inadmissible part: and this rule applies to an instrument containing an offer to compromise a claim, which is not generally admissible; but it is held in the instant case that the writing did not amount to an offer of compromise and the general objection was therefore good.

**Sales:** BREACH OF WARRANTY : EVIDENCE.  Where breach of warranty
2  of the health of horses is pleaded in defense to a suit on a note for the purchase price, neither evidence that defendant bid in one of them at a sale subsequently held by him, nor that they were prize winners prior to his purchase, is admissible.

**Breach of warranty:** INSTRUCTION.  Where the defendant in a suit
3  for the purchase-price of horses pleads the breach of an express warranty as to the health of the horses, and there is no evidence that the horses of breeding age were incapable in that respect, except as the result of their diseased condition at the time of purchase, failure to instruct on the question of an implied warranty for breeding purposes was not erroneous.

**Submission of issues.**  Where there is evidence tending to support
4  a plea of fraudulent concealment of the true condition of animals when sold the issue should be submitted.

*Appeal from Linn District Court.*— HON. J. H. PRESTON, Judge.

TUESDAY, JANUARY 21, 1908.

SUIT on a note given for the price of horses.  Defense and counterclaim, based on breach of warranty and fraud.

Trial to a jury, and verdict and judgment for the plaintiff. The defendant appeals.— *Reversed.*

*J. M. Parsons* and *Grimm, Trewin & Robbins,* for appellant.

*Barr, Barr & Barr* and *Dawley & Wheeler,* for appellee.

Sherwin, J.— Early in October, 1902, the defendant visited the plaintiff's stock farm in Illinois, and there bought of him nine horses, for which he gave his note for $3,000. The horses were not to be delivered to the defendant until late in November, at which time the note became due.  On the 28th of November, 1902, after this note became due, the plaintiff visited the defendant in Cedar Rapids, Iowa, and on that day the defendant executed and delivered to the plaintiff the note in suit and a chattel mortgage on the horses bought of him.  There is a dispute between the parties as to the nature of the Cedar Rapids transaction, the defendant claiming that the purchase of October was then abandoned and a new contract made, and the plaintiff claiming that nothing of that kind occurred, but that the defendant then being unable to meet the note given in October, and then due, the previous obligation was renewed by giving the note in suit.  There was also a dispute between the parties as to the real nature of the purchase in October.  The defendant claims that the title to the stock did not then pass to him, in other words, that the contract was not executed, while the plaintiff avers that it was fully executed at that time, and that the stock remained in his possession only for the accommodation of the defendant.  In his answer the defendant alleges a specific oral warranty as to the health of the horses made at both meetings, and an implied warranty that the horses were fit for breeding purposes.  It is further alleged, and so appears in evidence, that at the October meeting the plaintiff orally warranted the breeding qualities of

the stallion Astor, he being one of the horses purchased. The defendant further pleads fraudulent representation and concealment as to the health of the horses. A counterclaim was interposed, based on the same allegations, and the further allegation that the disease affecting the horses bought of Boylan was communicated to his entire herd. A great many rulings on the admission of evidence are complained of, and, as to those which we shall specifically notice, we think there was prejudicial error. After the note in suit had become due it was placed in the hands of lawyers for collection, and a letter written to them by the defendant on the 10th of December, 1903, was admitted in evidence over the defendant's objection. This letter contained an offer of compromise, and so far as it relates thereto, it is admitted that it was incompetent.

It is the general rule that an offer of compromise is inadmissible; but, when the instrument containing the offer also contains other material matter, there is a diversity of

1. Evidence: sufficiency of objection: offer to compromise.

judicial opinion as to where the duty lies to separate the admissible from the inadmissible part thereof. This court has held in analogous cases that, if a part of an instrument is admissible, an objection to the whole instrument is not good, and that it is the duty of the objector to specify the objectionable part. *Walrod v. Webster,* 110 Iowa, 349; *Sullivan v. Nicoulin,* 113 Iowa, 76; *Ledward & Co. v. Kuder,* 103 Iowa, 739; *Mathews v. Herron,* 102 Iowa, 45. We know of no sound reason why the rule should not be applied to an instrument containing an offer of compromise, and if the letter in question can be said to contain material matter independent of the offer of compromise, the objection made to the whole thereof was too broad, and it was not error to receive it. We have given the letter a careful analysis, and we think it does not contain an admission which is independent of the offer. It is true it recites, to some extent at least, what purports to be a history of the transaction

betwcen the parties, and has something to say about the condition of the horses when they were purchased and when they were delivered; but these statements can be construed into nothing more than pleas for the compromise offered, and reasons why it should be accepted. If this be true, they are inherently parts of the offer, and cannot be divorced therefrom.

One C. M. Dent was the defendant's farm manager, and a witness for him. On his cross-examination he was compelled to testify as to a public sale held by the defendant near the close of 1903 and the bidding in at said sale of one of the colts bought of the plaintiff. This evidence was immaterial to any issue in the case, and was prejudicial to the defendant.

2. SALES: breach of warranty: evidence.

The plaintiff was permitted to show that some of the horses in question were prize winners at county fairs in Illinois in September preceding their sale to the defendant. Such evidence was wholly immaterial, and was quite likely to prejudice the defendant's claim that the same horses were diseased at a later period.

The appellant contends that the court should have instructed on the question of an implied warranty as to the breeding qualities of the horses, but we are inclined to the view that it was not necessary under the record. It is probably true that, if the sale in October was abandoned and a new one made on the 28th of November, there was no inspection of the horses by the defendant, and the rule of *caveat emptor* would not apply. But there is absolutely no evidence in the record tending to show that the horses of breeding age were not capable in that respect, except as disability to breed was caused by their diseased condition when purchased. If there was an express warranty as to health, a breach thereof would entitle the defendant to recover all damages occasioned thereby, and if the disease prevented breeding, the loss on

3. BREACH OF WARRANTY: instruction.

account thereof could be recovered under the warranty as to health.

The defendant pleaded fraudulent concealment of the true condition of some of the horses sold, and there was evidence tending to support such plea. The court should therefore have instructed on that issue.

4. SUBMISSION OF ISSUES.

There is nothing in the claim that the verdict is not supported by the evidence. For the errors pointed out the judgment is *reversed*.