(112 N. W. 144.)

---

STATE OF NORTH DAKOTA v. JOHN P. DAHLQUIST.

Opinion filed Feb. 21, 1908.

**Evidence — Freight Receipts — Books of Railway Station Agent.**

1. A record describing articles of freight received at a local station, and delivered to the consignee, with his signature acknowledging receipt of such articles, is competent evidence, tending to show the nature of the articles so receipted for.

**Same — Agency — Receipts by Agent of Consignee.**

2. A drayman, authorized in writing by the defendant to receive and receipt for freight at a local railway station, is an agent of the

defendant for such purposes; accordingly *held,* receipts for freight, belonging to the defendant, taken from the railway station by a drayman possessing such authority, and receipted for by him, are competent evidence, as tending to show the receipt by the principal of the articles of freight described in the record of the station, containing such receipts.

**Reception of Evidence — Motion to Strike Out.**

3. The competency of evidence depends on the state of the record when the evidence is offered, and the admission of evidence afterward shown to be incompetent, when no specific motion to strike it out or request to instruct the jury to disregard it is made, is not reversible error.

**Intoxicating Liquors — Nuisance — Evidence.**

4. A record of the local railway station, describing outgoing freight delivered to it by the defendant, which record is identified by the station agent, who testifies that he received the information as to the character of the freight so shipped as described in the record, from the defendant, is competent evidence, to show the character of such shipments, in the action at bar.

**Same.**

5. The records of a local railway station, containing receipts signed by the defendant, and others signed by his agent and a description of outgoing freight, described to the agent, and shipped by the defendant, are competent evidence, tending to show the defendant to be conducting the business of dealing in intoxicating liquors or beer, when such records describe large quantities of empty beer cases, bottles, and casks, and especially when the quantity so received was so great as to render it impossible for the defendant to have made personal use of it, during the time covered.

**Objection to Evidence — Competent and Incompetent Items of Record.**

6. An objection made to the admission of a record as a whole, and without distinguishing or pointing out in the objection the particular items, if any, which were competent evidence, and those which were claimed to be incompetent, when a part of the items were competent, and some of them may have been incompetent evidence, is inadequate, and it is not error for the trial court to admit the whole record.

Appeal from District Court, Cass county; *Pollock, J.*

John P. Dahlquist was convicted of maintaining a liquor nuisance and appeals.

Affirmed.

*B. D. Townsend* and *Engerud, Holt & Frame,* for appellant.

A record must be identified by the entrant, or his absence accounted for. 1 Greenleaf on Ev., section 436; 2 Phillips on Ev., section 926; Donner v. State, 95 N. W. 40; Traber v. Hicks, 32 S. W. 1146; Howard v. State, 32 S. W. 544; Wade v. State, 35 S. W. 663; Gulf C. & S. F. Ry. Co. v. Frost, 34 S. W. 167; Young v. Miles, 20 Wis. 646; McCornick v. Saddler, 37 Pac. 332.

Entrant must have personal knowledge of the facts that he enters. Chaffee v. United States, 18 Wall, 542, 21 L. Ed. 908; Conn. Mut. Life Ins. Co. v. Schwenk, 94 U. S. 598, 24 L. Ed. 294; Butler v. Estrella Raisin Co., 56 Pac. 1041; Whitney Grocery Co. v. Roach, 42 S. E. 282; Dougan v. Dunham, 42 S. E. 390; Swan v. Thurman, 70 N. W. 1023; Carlton v. Carey, 86 N. W. 85; Price v. Standard L. & A. I. Co., 95 N. W. 1118; New Jerzey Z. & I. Co. v. Lehigh Z. & I. Co., 35 Atl. 915; Mayor of N. Y. v. Sec. Ave. Ry. Co., 102 N. Y. 579, 7 N. E. 905; The Norma, 68 Fed. R. 509; Tingley v. Fairhaven Land Co., 36 Pac. 1098; Walling v. Morgan Co., 28 So. 433.

*Barnett & Richardson,* for respondent.

Receipts for freight delivered are competent against the party who signs them. State v. Drumright, 29 Ga. 430, 1 Am. & Eng. Enc. of Law, 717; Commonwealth v. Hildreth, 77 Mass. 327.

Acts of an agent bind the principal in a criminal action against him. 12 Cyc. 420; 6 Am. & Eng. Enc. Law, 570; 2 Wigmore on Ev. 1280; Wharton on Criminal Evidence (9th Ed.) 696; State v. Oeder, 61 N. W. 190.

SPALDING, J. The defendant was convicted of the crime of maintaining a nuisance in violation of the law known as the prohibition law, at Kindred, Cass county, at divers times between June 1, 1906, and August 31st of the same year. On the trial, evidence was submitted of the sale by the defendant of several bottles of beer and of an analysis by Prof. Ladd of one of the bottles so sold, which Prof. Ladd testified contained 3.78 per cent of alcohol by volume, and 3.1 by weight, and was beer. Several other witnesses testified that they had purchased of defendant, on the premises described, beer or malt, and that they were unable to state which but that it tasted like beer, and one testified that the bottle that he

was served from was labeled "Beer." No assignment of error is made on this appeal as to the admission of evidence of these witnesses or as to the charge of the court to the jury. The state then introduced the testimony of F. B. Clewer, station agent of the Great Northern Railway Company at Kindred, who testified that he had charge of the freight delivered at that station, and he produced his office record of freight received during the time in question. This contained entries of dates and descriptions of the goods and signatures of parties to whom they were delivered. Among others contained in this record were various articles described as casks, barrels and cases of beer, some of which were receipted for by the defendant in person. The witness identified and testified to the genuineness of the defendant's signature to the receipts. Others were receipted for by one Johnson, the drayman who did the defendant's draying, and a paper, signed by the defendant, upon a regular form furnished by the railway company for that purpose, authorizing Johnson to receive and receipt for freight coming to the defendant's address was received in evidence. The record before referred to contained the receipts of Johnson for one case of beer on June 6th, and 21 other consignments on different dates from June 12th to August 31st, from different consignors, in each instance being one or more barrels or casks of beer, all consigned to defendant. This record was received in evidence as Exhibit B; after which a book known as Exhibit D, being a tissue copy book of waybills for freight going out of Kindred, was identified, and its method of use described, and it was received in evidence. This tissue copy book is the local record of freight shipped out, and is made by copying in the letter press waybills sent with the freight, and he testified was the only record kept of outgoing freight. This exhibit showed the merchandise received from the defendant during the month of August, 1906, and upon it is designated the character of the merchandise. The witness testified that he got his information of such character from the shipper, and entered the character or description of the merchandise upon the waybill, which is copied into the book known as Exhibit D. By shipper, he meant either the shipper himself, or his agent or drayman. He testified that the entries in Exhibit D as to the character of the merchandise were correct according to the information he received, and that the character of the merchandise going out was shown originally by the shipping bill, prepared by the shipper himself, and that, with

reference to the shipments in question, he received such information from the defendant himself. It appeared that the entries relating to the merchandise in question contained in Exhibits B and D had been made partly by the witness and partly by his clerk, and during part of the time by a relief man sent by the railway company to take his place during his temporary absence. Evidence regarding entries made during this absence was stricken out by the court, and the jury cautioned not to consider it. The witness identified the different entries made by himself and those made by his clerk. The deputy sheriff who made the arrest of the defendant, and who executed a search warrant of the premises in question, testified as to the finding of several bottles marked "Beer" and numerous empty bottles on the premises, together with four barrels and a case either full or partly full of bottles known as beer bottles, and one barrel containing 17 full bottles, one of which barrels was numbered 739, it being the same number attached to one of the barrels described in the record of the railway company's agent, as consigned by the Heilman Brewing Company. The receipts for freight executed by the defendant and the draymen were objected to on the ground that they were incompetent, hearsay, not the best evidence, and no foundation laid, and, more specifically, because they were secondary evidence, hearsay, and being conclusions written by some person not disclosed by the evidence, and parties not being present to vouch for them, and because no evidence showed they were correctly made or the source of information of the persons making the waybills, and because as evidence they could not be admissible as admissions. Objection was made to the admission of the record of the outgoing articles on the same ground, and because it was not the record required by law, and not kept entirely by the witness. These objections were repeated in various forms, but in substance the same, and, after the witness had concluded, motions to strike out such evidence on the same grounds were denied. The admission of this evidence over objection, and the denial of the motions, form the basis of the defendant's assignments of error.

1. The first question for determination is whether it was error to admit the testimony of the witness Clewer, and the records of his office, showing the freight received and receipted for by the defendant. The appellant lays great stress upon this not being the official record required by law, being hearsay, and not all in the

handwriting of the witness, and some of it made when he was not present. Had this record been offered in evidence and received as a book of account, there might be force to this objection. However, on that point, there is a conflict in authorities, and it is unnecessary on this appeal to determine that question. In our view of the law, this record which contained a description of the articles received and delivered, also the signature of the defendant acknowledging the receipt of the articles specified, and the testimony identifying the record and the defendant's signature, and describing how it was kept and for what purpose, were clearly competent to show an admission by defendant of the receipt of large quantities of beer. The state was attempting to show the receipt by him of beer in such quantities that it could not have been obtained for personal use, and must have been received for sale. Klepfer v. State, 121 Ind. 491, 23 N. E. 287. The defendant did not testify, and he offered no evidence in his own behalf. Had he made a claim that the records misdescribed the articles and that they did not contain beer, he had an opportunity to rebut the admissions, and show that the record which he signed did not state the facts, but in the absence of anything to show the contrary, such receipted record, after being identified, and its use and method explained, furnished at least some evidence that the defendant had received the articles described therein and receipted for by him. We deem it altogether immaterial whether the railway company's agent himself kept the record and made the descriptive entries, or whether he made none of them. The signature of the defendant receipting for the different items as described was the main element, and constituted this record competent evidence as against the defendant, in so far as it related to merchandise receipted for by him. Commonwealth v. Hildreth, 77 Mass. 327. The same rule applies to that portion of this evidence where the receipting was done by Johnson, the drayman. He was a duly authorized agent of the defendant, his authorization being in writing, and the defendant is charged with the knowledge of the agent acquired in the transaction of the principal's business, relating to such business, and the receipt for articles described as beer, signed by Johnson, acting for the defendant, at least furnished prima facie evidence of the character of the property receipted for. 12 Cyc. 420; 6 Am. & Eng. Enc. Law, 570, and cases cited; Rice on Evidence, section 230. Whatever is done by any agent in reference to the business in which he is at the

time employed, and within the scope of his authority, is said to be done by the principal, and may be proved, as well in criminal as in a civil case, in all respects, as if the principal were the actor or the speaker. Cliquot v. U. S., 70 U. S. 114, 18 L. Ed. 116. When the relation of principal and agent is established in a particular transaction, the agent's admissions may be imputed to the principal if the agency involves the making of such admissions. Wharton, Crim. Ev. 695.

2. Objection was made to the question addressed to the witness Clewer, the station agent, asking him to give dates and description of merchandise addressed to the defendant, and delivered to the drayman Johnson, pursuant to written authority from defendant, as being incompetent, hearsay, calling for a conclusion of the witness, and upon the grounds of the former objection to Exhibit B. The overruling of this objection is assigned as error. At the time this question was asked the evidence showed the agency of Johnson, his signature to receipt for articles described as being consigned to the defendant. The court had a right to presume that he knew the contents of the receipts he had signed, and without further explanation the evidence was admissible. It was only at a later stage in the trial when the testimony of Johnson disclosed that he disclaimed knowledge of the descriptions contained in the receipts signed by him and of the character of the articles, further than that some of the latter were barrels, that it appeared that this question may not have been proper. We do not deem it important to discuss or determine whether it was ultimately proper or not. It was proper as the record stood, when it was asked, and after the testimony given by Johnson, no motion to strike out this evidence was made, and the record shows no request to instruct the jury to disregard it. State v. Vey (S. D.) 114 N. W. 719.

3. The only other question relates to the admissibility of the testimony of the witness Clewer, regarding outgoing freight, and his record which showed the receipt and shipment by him of various beer receptacles. This record contained a description of the articles shipped, and the name of the consignor, he being the defendant, and the witness testified that he obtained his information from the defendant; that the defendant himself made shipping bills for the articles, which described them. It appears to us that with reference to such articles as the defendant himself de-

scribed in the shipping bills made by him or described to the agent, this evidence is clearly competent, as tending to show that disposition had been made of the beer received, and indicating that the defendant was doing a saloon business. Regarding some of these items, the testimony of the witness was quite general as to information received from the defendant, and while it might be inferred that the defendant personally described to the witness all the articles shipped, yet we think the testimony as a whole indicates that he had no knowledge of some of the articles which were not received by himself, except as he obtained his information from this record. But no objection was made which discriminated or distinguished between the items received by the witness himself, and those which may have been received by the clerk. To have constituted error in the admission of the record, the defendant should have pointed out and objected to the specific items not received by or described to the witness by the defendant, and while the evidence might even then have been admissible, we are satisfied, that if not properly admissible, the objection made was inadequate to exclude it under the circumstances. Had this objection been sustained, it would have excluded the entire exhibit, including the record of the shipment of the articles described by the defendant to the witness, as well as those articles apparently received by the witness's clerk. The record in connection with the testimony of the witness, of the shipment of the items described to him by the defendant was clearly admissible, and, if he desired to exclude the other items, they should have been specified in detail in the objection. It was no part of the duty of the court to sift out the items which were proper, and those which may have been improper. That duty belonged to the attorney making the objection, and the objection should have been presented so the court could have ruled upon the items separately, if necessary. Without determining whether all the items were competent evidence, or whether a proper foundation had been laid for all of them, we deem it beyond question that some of them were competent, and that, therefore, no error was committed in receiving this evidence. The rule is that, where parts of a record are admissible in evidence, an objection to the whole, or an objection which does not specify the parts which are not admissible is properly overruled, and this rule also applies to the motions to strike out. Kolka v. Jones, 6 N. D. 461, 71 N. W. 558, 66 Am. St. Rep. 615; Boylan v. McMil-

lan (Iowa) 114 N. W. 630; Roeller v. Hall, 62 Minn. 241, 64 N. W. 559; Walrod v. Webster Co., 110 Iowa, 349, 81 N. W. 598, 47 L. R. A. 480; Sullivan v. Nicoulin, 113 Iowa, 76, 84 N. W. 978; Thompson on Trials, section 719; 12 Cyc. 567.

Finding no reversible error, the judgment of the district court is affirmed. All concur.