## STATE OF NORTH DAKOTA v. CHARLES TRACY.

(129 N. W. 1033.)

**Criminal Law — Intoxicating Liquors — Evidence — Freight Receipts.**

1. Defendant's receipts for freight shipments are competent evidence as admissions against him.

**Criminal Law — Caution to Jury — Evidence.**

2. Court's caution to the jury during the trial *held* sufficient, in the absence of a request by defendant for more definite instructions.

**Criminal Law — Caution to Jury — Striking Out Evidence.**

3. Where, at the time testimony was stricken out, the court fully cautioned the jury to disregard the same, an omission to again instruct the jury to disregard such testimony is not error,—especially when no request is made for such an instruction.

**Criminal Law — Intoxicating Liquors — Evidence.**

4. Testimony examined, and *held* sufficient to warrant conviction for the crime charged.

Opinion filed January 16, 1911.

Appeal from the District Court of McLean county; *Winchester*, J.

Charles Tracy was convicted of keeping and maintaining a common nuisance, and appeals.

Affirmed.

*George P. Gibson* and *Jas. T. McCulloch,* for appellant.
*J. E. Nelson,* for respondent.

Goss, J.  The defendant appeals to this court from a judgment of conviction for keeping and maintaining a common nuisance between the 1st day of April, 1909, and the 10th day of June, 1909, inclusive, on lot 2, block 5 of the village of Wilton, in McLean county.

The errors assigned are upon certain rulings of the court in the admission of testimony, and the court's instructions.

The state offered the testimony of the railroad freight agent that he used original waybills from which to make duplicate expense bills, entered them upon the company's office records, and, on the delivery of freight, took the receipt of the defendant on such expense bill for the freight delivered thereunder, such expense bill amounting to consignee's receipt for the shipment.  The shipments so receipted for by the defendant were thirteen in number, nearly all for goods designated "beer."  The witness identifies the signature to the receipts as that of the defendant, and testifies to the delivery of such freight to the defendant between the dates charged in the information; the date of the last two deliveries being June 12th, one cask of beer, and June 17th, one barrel of beer, respectively.  The objection offered was that this testimony was incompetent, irrelevant, immaterial, and not the best evidence.  The testimony offered is a written admission by the defendant, and is admissible under the holding of this court in the case of State v. Dahlquist, 17 N. D. 40, 115 N. W. 81, and authorities cited therein.  The signature of the defendant receipting for the different items constituted competent evidence against him as to such merchandise receipted for by him.

Another assignment of error is based upon the admission of testimony of the officer acting under search warrant, as to finding beer on the premises in question on such search, made June 19th, one day after the last date specified in the information as the time of the commission of the offense.  The court during the course of the trial sustained defendant's objection to further testimony relating to this date, June 19th, and at that time cautioned the jury against considering all testimony received as to this date, using the following language:

"Gentlemen of the jury, let me say to you that you need not regard

any exhibits which have been introduced here, or any testimony which has been introduced here with reference to any violation, or with reference to anything taken from the defendant's premises after the 18th of June, 1909."

Defendant's counsel made no motion or request during the trial that the jury be more definitely cautioned, nor any request for instructions on this matter when the court instructed the jury at the close of the case. Defendant predicates error on the admission of this testimony and the failure of the court to properly instruct the jury therein in its charge. The jury should not have misunderstood the court's caution. It is an explicit and positive instruction to them. If it did not satisfy counsel at the time, the court's attention should have been called to the matter by a request or motion. The court had the right to assume that defendant was satisfied therewith, and the defendant cannot be heard to complain of the court's action; and as defendant failed to request such instruction in the charge to the jury, no error can be based on the court's failure to instruct upon it.

Defendant further contends that the testimony offered did not show that he kept and maintained a common nuisance, as alleged in the information. The evidence is ample and uncontradicted to the effect that a common nuisance existed at the place described in the information; the delivery of beer in quantities to the defendant; the residence of the defendant at the place designated as constituting a nuisance; the congregating of people often at this place, and that the building in question was defendant's building; and the sale by him of beer at the cellar door of this house. This testimony was sufficient upon which to base the instruction to the jury, given by the court, as to keeping and maintaining of the place as a common nuisance. The court, under proper instructions, left this matter of fact for the jury to determine.

This disposes of all the assignments of error urged for the court's consideration.

The judgment of the trial court is affirmed. All concur.